**Jesus HERNANDEZ–MARTINEZ,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–70344.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Decided April 10, 2006.

Gloria Lopez, Law Office of Gloria Lopez, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

cate amount to impermissible speculation and conjecture about what the document ought to look like. *Lin,* 434 F.3d at 1163.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jesus Hernandez–Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's denial of his applications for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). We deny the petition.

Substantial evidence supports the BIA's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because petitioner repeatedly testified that he came to the United States for work, and there was no evidence that he encountered harm on account of an enumerated ground, petitioner's asylum claim fails. *See id.*

Because petitioner failed to demonstrate that he is eligible for asylum, he also fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Petitioner failed to raise his CAT claim in his opening brief and waived this claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.